**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4076**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LINDA MCLAURIN BURNEY,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (7:08-cr-00049-FL-1)

_____

Submitted:  July 20, 2011            Decided:  August 5, 2011

_____

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North
Carolina, for Appellant.  George E. B. Holding, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda McLaurin Burney was indicted on six counts of grand jury perjury, in violation of 18 U.S.C. § 1623 (2006). Following a bench trial, the district court convicted Burney on Counts One, Three, Five, and Six, acquitted her on Count Four, and dismissed Count Two on the Government's motion. The district court departed downward from the advisory Guidelines sentencing range and imposed concurrent sentences of three years of imprisonment on each count.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious issues for appeal, but arguing that the district court should have granted Burney's motion to suppress evidence of her investigatory interview and should have acquitted Burney due to insufficient evidence to sustain the perjury convictions. Counsel further asserts that the district court improperly calculated Burney's Guidelines range and imposed a substantively unreasonable sentence. We directed supplemental briefing from the parties on the issues of whether sufficient evidence supported the perjury convictions and whether the perjury charges were multiplicitous in violation of the Double Jeopardy Clause.

We review the factual findings underlying the district court's denial of a motion to suppress for clear error and the

2

court's legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). A factual finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks and citations omitted). However, "if the district court's account of the evidence is plausible in light of the record viewed in its entirety," we will not reverse the district court's finding even if we would have "decided the fact[s] differently." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks, alteration, and citation omitted).

We also defer to the district court's credibility determinations, "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks and citation omitted). When a motion to suppress has been denied by the district court, we construe the evidence in the light most favorable to the Government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008).

Statements obtained from a defendant during custodial interrogation are presumptively compelled in violation of the

Fifth Amendment, unless the Government shows that law enforcement officers adequately informed the defendant of her Miranda rights and obtained a waiver of those rights. United States v. Cardwell, 433 F.3d 378, 388-89 (4th Cir. 2005). To determine whether a defendant was in custody for purposes of Miranda, courts are to determine "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." Thompson v. Keohane, 516 U.S. 99, 112 (1995) (footnote omitted). In other words, "[a]n individual is in custody when, under the totality of the circumstances, a suspect's freedom from action is curtailed to a degree associated with formal arrest." United States v. Colonna, 511 F.3d 431, 435 (4th Cir. 2007) (internal quotation marks and citation omitted).

In the present case, Burney voluntarily agreed to the interview, which occurred at her place of employment over a period of relatively short duration. The officers assured Burney that she was a witness, not a suspect, was not under arrest, and could leave at anytime. Burney was not physically restrained, and despite her attestation of nervousness and fear, the record reflects that the tone of the interview was cordial and non-threatening. A reasonable person in Burney's position would have understood that she was free to terminate the

4

interview and was not in custody.  Therefore, we conclude that the district court did not err in denying Burney's motion to suppress.

A challenge to a defect in the indictment must be brought before trial.  Fed. R. Crim. P. 12(b)(3)(B); United States v. King, 628 F.3d 693, 699 (4th Cir. 2011).  "Only upon a showing of good cause can a defendant avoid waiving a forfeited multiplicity claim."  Fed. R. Crim. P. 12(e); King, 628 F.3d at 699.  Because Burney failed to raise a multiplicity challenge prior to trial and has made no attempt to establish good cause excusing her failure to raise the challenge, she has forfeited appellate review of the issue.

Nevertheless, we may exercise our discretionary remedial power to correct the district court if it committed plain error.  United States v. Olano, 507 U.S. 725, 734 (1993); United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010). Before we notice plain error, we must find (1) error was made, (2) is plain, and (3) affected Burney's substantial rights. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).  Even if Burney makes this showing, we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id. We conclude that Burney's observations of Reese (Counts One and Five), their conversations (Count Three), and Burney's provision

of a list of names to investigating officers (Count Six), required proof of sufficiently distinct facts to support four separate convictions.

We review the district court's denial of a motion for a judgment of acquittal de novo. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). "In assessing the sufficiency of the evidence presented in a bench trial, we must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict." United States v. Armel, 585 F.3d 182, 184 (4th Cir. 2009) (internal quotation marks and citation omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Green, 599 F.3d at 367 (internal quotation marks and citation omitted).

In determining whether substantial evidence supports the verdict, we "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009) (internal quotation marks and citations omitted). "Credibility determinations are within the sole province of the [fact finder] and are not susceptible to judicial review." United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995).

"Appellate reversal on grounds of insufficient evidence . . . will be confined to cases where the prosecution's failure is clear." Green, 599 F.3d at 367 (internal quotation marks, alteration, and citation omitted). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks and citation omitted).

To convict Burney of grand jury perjury under 18 U.S.C. § 1623, the Government was required to prove beyond a reasonable doubt:

> (1) that the defendant gave false testimony to the grand jury under oath; (2) that the testimony was false; (3) that the false testimony was given knowingly; and (4) that the subject matter of the testimony was material to the grand jury's investigation.

United States v. Sarihifard, 155 F.3d 301, 306 (4th Cir. 1998). A defendant is not guilty of perjury if the false testimony resulted from confusion, mistake, or faulty memory. United States v. Dunnigan, 507 U.S. 87, 94 (1993); Sarihifard, 155 F.3d at 306. The parties stipulated to materiality. Our review of the record leads us to conclude that the evidence was sufficient to establish the remaining elements of perjury.

We review Burney's sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2008). The first step in this review requires us to ensure that the

7

district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). "Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal citation and quotation marks omitted). The district court must make an individualized assessment based on the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Gall, 552 U.S. at 51. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

We conclude that the district court did not procedurally or substantively err in sentencing Burney. The court properly calculated the Guidelines range, considered the relevant § 3553(a) factors, made an individualized assessment based on the facts presented, and adequately explained its reasons for the chosen sentence well below the properly calculated Guidelines range. Accordingly, we affirm Burney's convictions and sentences.

In accordance with Anders, we have reviewed the entire record and found no other meritorious issues for appeal. This

8

court requires counsel to inform Burney, in writing, of the right to petition the Supreme Court of the United States for further review. If she requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Burney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9